242 F.2d 511
 COLLIER BROTHERS, a Mich. Copartnership, Nu-Basic Chemical Products Co., a Mich. Corp., Collier-Lincoln Development Co., a Mich. Corp., Appellants,
v.
Walter G. WISEMAN, Trustee in Bankruptcy, Appellee.
 No. 12956.
 United States Court of Appeals Sixth Circuit.
 March 26, 1957.
 
 Fred B. Collier, Royal Oak, Mich., for appellant.
 Benjamin D. Jaffe, Detroit, Mich., Weiswasser, Jaffe & Radner, Detroit, Mich., on brief for appellee.
 Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Trustee in Bankruptcy of S. F. Brothers Company filed a petition with the Referee in Bankruptcy setting forth that he had on hand from the sale of certain parcels of real estate the sum of $25,900.00, subject to claims of appellants, Collier Brothers, a Michigan copartnership, Nu-Basic Chemical Products Company, a Michigan corporation, and Collier-Lincoln Development Company, a Michigan corporation. The Trustee further submitted to the Referee that he had been advised by his counsel that appellants had no legal claim or right to any of the said funds. Accordingly, in his petition, the Trustee asked the Referee to issue an order directed to appellants to show cause why the funds should not be released from all of these claims. The Referee issued the order to show cause as requested, and appellants responded by challenging the jurisdiction of the Bankruptcy Court to entertain the petition. They also filed a motion to dismiss the petition. Upon the hearing, the Referee entered an order denying the motion to dismiss and indicated that the court had jurisdiction over the controversy. A petition for review of that order was filed, and on a hearing before the district court it was held that the Bankruptcy Court, after reasonable notice, has jurisdiction to determine controversies between the Trustee and adverse claimants, if the property which is the subject of controversy has been lawfully reduced to actual possession by him. The court found that the parties had voluntarily turned the property over to the officer of the court to be sold, and the proceeds were to await the determination of the rights of the parties.
 
 
 2
 The district court held that the Referee was correct in ruling that the Bankruptcy Court had jurisdiction to determine the controversy, and accordingly affirmed the order of the Referee. No error appearing, the order of the district court affirming the order of the Referee denying appellant's motion to dismiss, is affirmed.